UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
-----------------------------------------  )
                                           )
                                           )
EQUAL EMPLOYMENT OPPORTUNITY               )
COMMISSION,                                )
                    Plaintiff,             )    COMPLAINT
                                           )
v.                                         )    Civil Action No.
                                           )
                                           )
FOOD & FUN VENTURES, d/b/a                 )
TOOTS,                                     )
                                           )    JURY DEMAND
                    Defendant.             )
-----------------------------------------  )
```

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000 *et seq.* (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to female employees whom Defendant Employer subjected to sex discrimination, retaliation and constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Food & Fun Ventures, d/b/a Toots (Defendant Employer), has continuously been a Limited Liability Company doing business in the State of Tennessee and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Sherry Harrison, Tiffany Burkhamer and Stacey Akins filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2005, Defendant Employer has engaged in unlawful employment practices at its Cookeville, Tennessee, restaurant in violation of Section 703 and 704 of Title VII, 42 U.S.C. § 2000e-2 and 3. In particular, Defendant Employer subjected a class of female employees, including Sherry Harrison, Tiffany Burkhamer, and Stacey Akins, to a sexually hostile work environment and/or gender

discrimination; retaliated against Harrison and Burkhamer; and forced Harrison, Burkhamer, Akins and other females to quit because of the sexual discrimination.

8. Sherry Harrison was hired on March 11, 2006, as a cashier. She was promoted to a manager on April 3, 2006.

9. Ms. Harrison was subjected to frequent unwelcome sexual conduct by the owner/operator of the restaurant, and by the general manager of the restaurant, including unwelcome sexual comments and invitations.

10. The unwelcome conduct was sufficiently pervasive and severe to alter the conditions of her employment and create an abusive working environment.

11. When Ms. Harrison told the owner/operator to stop, she was treated in a demeaning and intimidating manner, and had her schedule changed in retaliation for her complaints.

12. Because of the humiliating treatment and the sexually abusive working environment, she was compelled to quit her employment on May 16, 2006.

13. Tiffany Burkhamer was hired by Defendant Employer on March 11, 2006, as a server.

14. During her employment, the owner/operator and the general manager made sexual remarks to her, and touched her inappropriately.

15. When she complained about the behavior, she was assigned to low volume areas of the restaurant, causing her earnings to drop.

16. The unwelcome conduct was sufficiently pervasive and severe to alter the conditions of her employment and create an abusive working environment.

17. Because of the retaliation, she was compelled to quit her employment on April 30, 2006.

18. Stacey Akins was hired by Defendant Employer in December, 2005, to be Front of House Manager.

19. During her employment, the general manager harassed and intimidated her because of her sex, female.

20. The general manager was verbally abusive, arrogant, and condescending toward the female employees.

21. The general manger referred to himself as the "sugar daddy of Toots," and made sexual comments about the female employees.

22. Akins reported this abusive behavior to the owner/operator, but no corrective action was taken.

23. The unwelcome conduct was sufficiently pervasive and severe to alter the conditions of her employment and create an abusive working environment.

24. Because of the humiliating treatment and the sexually abusive working environment, she was compelled to quit her employment on April 12, 2006.

25. The effect of the practices complained of in paragraphs 8 - 24 above has been to deprive Sherry Harrison, Tiffany Burkhamer and Stacey Akins and other women of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

26. The unlawful employment practices complained of in paragraphs 8 - 24 above were intentional.

27. The unlawful employment practices complained of in paragraphs 8 - 24 above were done with malice or with reckless indifference to the federally protected rights of Sherry Harrison, Tiffany Burkhamer and Stacey Akins and other female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice which discriminates against employees because of their sex and in retaliation for complaints about sex discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Sherry Harrison, Tiffany Burkhamer and Stacey Akins and other current or former female employees subjected to sex discrimination, retaliation, and constructive discharge, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Sherry Harrison, Tiffany Burkhamer and Stacey Akins and other current or former female employees subjected to sex discrimination, retaliation, and constructive discharge by providing compensation

5

for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 - 24 above in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Sherry Harrison, Tiffany Burkhamer and Stacey Akins and other women subjected to sex discrimination, retaliation and constructive discharge by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 - 24 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Sherry Harrison, Tiffany Burkhamer and Stacey Akins and other current or former female employees subjected to sex discrimination, retaliation, and constructive discharge, punitive damages for its malicious and reckless conduct described in paragraphs 8 - 24 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye Williams /SL w/permission*
**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0088

*Sally Ramsey*
**SALLY RAMSEY**
Senior Trial Attorney
TN Bar No. 18859

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105